NATIONAL LABOR RELATIONS
BOARD, Petitioner,
v.
BROWN & ROOT, INC., et al.,
Respondents.

No. 14680.

United States Court of Appeals
Eighth Circuit.

Feb. 20, 1964.

Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C., William A. Brown, of Powell, Brown & Maverick, Houston, Tex., of counsel, for petitioner.

Powell, Brown & Maverick, Houston, Tex., for respondents.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HENLEY, District Judge.

PER CURIAM.

This cause is now before the Court on Respondents' Motion for Clarification of our opinion of January 4, 1963, 311 F.2d 447, and for certain other relief. We are asked to order that:

(1) The Regional Director refund the entire amounts deposited if the Court intended the one year period to date from January 4, 1963.

(2) The Regional Director make available to Respondent the written applications of the 28 claimants and dismiss the claims of all who have not made applications within one year as contemplated by the Court's Order of January 4, 1963.

(3) The Regional Director take steps to require the applicants to appear and submit to examination if they wish to have their claims recognized, and to dismiss as to all who fail to appear, and refund the lapsed awards.

1. Respondents construe our opinion and decree as imposing upon the Board the obligation to take steps to require the applicants to appear in person and submit to examination if they wish to have their claims recognized.

We do not think that in its original order the Board undertook to assume the responsibility for the physical production of Appendix B claimants for

examination by Respondents. It is clear from the Board's order and from our opinion and supplemental decree that all that the Board undertook to do, and all that we required it to do, was to afford Respondents an opportunity to examine the claimants in question and undertake to show that the claims of all or some of those claimants should be mitigated. The Board seems now to have located and obtained applications from Appendix B claimants, and seems to have notified Respondents as to where those individuals can be found. We think it is now incumbent upon Respondents to arrange for the presence of the claimants at the hearing or to take their depositions. In this connection we note that the Board is not requiring the physical attendance of claimants at the hearing and is willing to arrange for oral depositions or for depositions taken on written interrogatories.

■ 2. Hearing before the Regional Director of the Board was originally set for January 28, 1964, and continued until February 25, 1964. In the circumstances, it may well be that February 25 is too early a date to enable Respondents to interview the claimants, arrange for their presence at the hearing, or for the taking of their depositions, or otherwise to prepare properly the presentation to the Board of Respondents' claims for mitigation. But, we will not presume that the Board will refuse to continue further or reschedule the hearing, if requested to do so, or otherwise to cooperate with Respondents so that their claims of mitigation can be developed and submitted properly.

■ 3. There is no merit to Respondents' contention or suggestion that our opinion and order required Appendix B claims to be advanced, heard, and reported within a one year period from January 4, 1963. All that we required was that individual claims be asserted within a period of one year from the date on which our decision became final. We do not undertake at this time in the absence of a full record to determine whether any of the claims are timely filed.

■ 4. Respondents state that the Board has refused to permit inspection of the applications which the Board has in its possession. Assuming that the Board's action is wrongful, the error, if any, is not one that we will consider in connection with the pending motion. We will not presume that the Board will make or adhere to an improper refusal to permit advance inspection of the applications.

Except to the extent that in the course of this opinion we have in fact interpreted our opinion and supplemental decree, the motion of Respondents is denied.